UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KLAUS KUBLER,<br><br>  Plaintiff,<br><br>  v.<br><br>GENERAL MOTORS LLC,<br><br>  Defendant. | Case No. 23-cv-04325-SI<br><br>**ORDER DENYING MOTION TO REMAND TO STATE COURT**<br><br>Re: Dkt. No. 16 |

Before the Court is plaintiff's motion to remand to state court. Dkt. No. 16. Defendant General Motors opposes. Dkt. No. 23. Plaintiff waives oral argument on this motion. Dkt. No. 16. For the reasons discussed below, the Court DENIES the motion to remand.

**BACKGROUND**

On August 1, 2023, plaintiff filed this action in the Contra Costa Superior Court against General Motors (GM) and Doe defendants 1 through 10. Dkt. No. 1-1 (Compl.). The complaint alleges three causes of action under the Song-Beverly Consumer Warranty Act, a fourth case of action claiming fraud, and a fifth cause of action alleging violations of California Business & Professions Code § 17200. *Id.* The complaint was served on GM's agent for service of process on August 17, 2023. Dkt. No. 1-2 at 8. On August 23, 2023, GM filed a Notice of Removal based on diversity jurisdiction. Dkt. No. 1.

On September 22, 2023, plaintiff filed the present motion for remand. Plaintiff does not explain why removal based on diversity jurisdiction was improper. Instead, plaintiff asserts that during the meet and confer process, defendant was not able to meet their burden of proving, "with competent evidence," that the requirements for removal jurisdiction under 28 U.S.C. §§ 1441 and

1446 were met. Dkt. No. 16.[1] Plaintiff asserts that unless defendant can meet their burden of proving the Court has removal jurisdiction, the Court should remand the action. *Id.*

Defendant GM responds that because plaintiff's motion for remand focuses solely on the burden of proof and fails to address any substantive arguments for jurisdiction, plaintiff has not contested any of defendant's factual allegations supporting federal jurisdiction. Dkt. No. 23 at 1. GM further argues that even if plaintiff's motion for remand can be said to trigger an evidentiary challenge, GM has met its burden of showing by a preponderance of the evidence that removal is proper based on diversity jurisdiction. *Id.*

In its reply, plaintiff argues that GM has failed to meet its burden of proving removal jurisdiction. Dkt. No. 25 at 2. Specifically, plaintiff argues that GM has submitted "no admissible evidence proving the citizenship of any of the parties." *Id.* at 3. Plaintiff argues that "a declaration" -- presumably the declaration of Timothy M. Kuhn[2] -- that GM included as an exhibit in its opposition is inadmissible, and even if deemed admissible, it fails to show GM's citizenship. *Id.* at 4-5. Plaintiff does not contest that the amount in controversy requirement for diversity jurisdiction has been met.

## LEGAL STANDARD

The proponent of federal jurisdiction, typically the defendant, has the burden of establishing that removal is proper. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). When removal is based on diversity of citizenship, in addition to complete diversity of citizenship, an amount in controversy requirement must be met. 28 U.S.C. § 1332; *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 83-84 (2014). "[A]s specified in § 1446(a), a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional

---

[1] Dkt. No. 16 does not contain page numbers.

[2] Plaintiff states that GM cited to "a declaration signed by its lawyer purporting to set forth" information about GM's citizenship. Dkt. No. 25 at 4. The declaration regarding GM's citizenship is signed by Timothy M. Kuhn, employed by General Motors as Counsel. Dkt. No. 23-3. Mr. Kuhn does not represent GM in this lawsuit.

threshold"; the defendant need not incorporate evidence supporting the allegation. *Id.* at 89, 84. If a plaintiff contests the defendant's allegation, "both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." *Id.* at 88 (referencing 28 U.S.C. §1446(c)(2)(B)).

**DISCUSSION**

The Court agrees with GM that plaintiff's motion for remand does not present an evidentiary challenge to removal. Plaintiff does not contest GM's allegations regarding complete diversity of citizenship and the amount in controversy. Rather, plaintiff asserts that defendant has not meet its burden of proof. In its notice of removal, GM included plausible allegations that there is complete diversity of citizenship and that the amount in controversy exceeds $75,000. The procedural requirements for removal under 28 U.S.C. § 1446 were met.[3] Thus, removal was proper.

Plaintiff argues that by filing this motion, they "have placed the allegations in Defendant's Notice of Removal at issue." Dkt. No. 25 at 6. Even if the Court construes this as an evidentiary challenge to removal, GM has met its burden of proving by a preponderance of the evidence that the requirements for removal based on diversity jurisdiction have been met.

There is complete diversity of citizenship. Plaintiff is a citizen of California. *See* Compl. ¶ 1 (alleging that plaintiff is a resident of the City of Pleasant Hill, County of Contra Costa, State of California).[4] According to GM's Counsel Timothy M. Kuhn, GM is a citizen of Michigan and Delaware, the states where GM and its members are incorporated and have their principal places of business.[5] Dkt. No. 23-3; *see* 28 U.S.C. § 1332(c)(1); *Johnson v. Columbia Props. Anchorage, LP*,

---

[3] In its reply, plaintiff argues that GM "submitted no admissible evidence showing the date that Defendant was served with the Complaint." Dkt. No. 25 at 3. The summons and proof of service of the summons are in the case record at Dkt. No. 1-2 and show that the summons was served on GM by personal service on August 17, 2023.

[4] In its reply, plaintiff asserts that defendant has not proved that plaintiff is a citizen of the State of California. Dkt. No. 25 at 5. However, plaintiff alleges in the complaint that they are a California resident, and a plaintiff's state of residence is presumptively considered to be their state of citizenship. *Bradley Min. Co. v. Boice*, 194 F.2d 80, 84 (9th Cir. 1951).

[5] Plaintiff objects to the declaration of Timothy M. Kuhn, Counsel at GM, as lacking

3

437 F.3d 894, 899 (9th Cir. 2006) (holding that "an LLC is a citizen of every state of which its owners/members are citizens"). Pursuant to 28 U.S.C. § 1441(b)(1), the citizenship of Does 1 through 10 is not considered in determining whether jurisdiction based on diversity of citizenship exists.

GM has submitted sufficient proof that the amount in controversy requirement is satisfied. Plaintiff seeks damages for the purchase price of the vehicle; a civil penalty two times the amount of actual, incidental, and consequential damages; attorneys fees; and punitive damages on the fraud-based claim. Compl. ¶¶ 37-39, 43-46, 120. GM has provided a copy of the sales contract for the subject vehicle. Dkt. 23-2. In their notice of removal, GM included documentation of attorneys' fees awards and damages awards in similar cases. *See* Dkt. Nos. 1-4 to 1-6. In their opposition, GM cites to similar cases where courts found the amount in controversy was established or awarded damages above $75,000. *See* Dkt. No. 23 at 5-6. Plaintiff does not contend that the amount in controversy requirement has not been satisfied.

**IT IS SO ORDERED**.

Dated: October 26, 2023

_____
SUSAN ILLSTON
United States District Judge

---

foundation and being conclusory. Dkt. No. 26. The Court overrules these objections.

4